SUMMONS ISSUED



UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FILED
CLERK

2012 SEP 20  PM 12:01  **ORIGINAL**

------------------------------------------------------------------ x

SHIRLEY RAVENELL & EBONY BENJAMIN,

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

                    Plaintiffs,

             -against-

THE CITY OF NEW YORK, POLICE OFFICER
CHRISTOPHER SAVAGE, tax # 939427, SERGEANT
RAYMOND KWONG, tax # 937870, JOHN DOES 1-10,

                    Defendants.

**COMPLAINT**

**CV 11 - 4555**

Jury Trial Demanded

WEINSTEIN, J.

------------------------------------------------------------------ x

REYES, M.J.

### PRELIMINARY STATEMENT

      1.    Shirley Ravenell is a 58 year-old woman with no arrest history or criminal record who resides in Brooklyn. Ravenell's niece, Ebony Benjmain, is a 32 year-old woman with no arrest history or criminal record who resides in Pennsylvania. Plaintiffs bring this civil rights action against the City of New York and several New York City Police Officers of the 77th Precinct alleging that defendants violated their rights under 42 U.S.C. § 1983, the First, Fourth and Sixth Amendments to the United States Constitution and New York state law by retaliating against them for exercising free speech, falsely arresting them, using unreasonable force on them and fabricating evidence against them. The criminal cases filed against plaintiffs were adjourned in contemplation of dismissal. Plaintiffs seek compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

### JURISDICTION & VENUE

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and the First, Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiffs invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide their New York state law claims of false arrest, assault, battery and vicarious liability which form part of the same case and controversy as their federal claims under Article III of the United States Constitution.

4       Notices of claim were duly filed with the City of New York within 90 days of the incident at issue, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiffs' state law claims.

5.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiffs' claims occurred in this District and because some or all of the defendants reside in this District.

## PARTIES

6.      Plaintiffs are United States citizens.

7.      The City of New York is a municipal corporation organized under the laws of the State of New York

8.      The individual defendants are members of the New York City Police Department ("NYPD"). The defendants were acting under color of state law and in their capacities as members of the NYPD at all relevant times. The defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiffs from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

9.      On May 8, 2010, at approximately 7:00 p.m., in front of plaintiff Ravenell's residence at 268 Buffalo Avenue in Brooklyn, both plaintiffs objected to defendant

2

Kwong's threat to use a taser on Ravenell's daughter, Yolanda Ravenell, who was intoxicated and has a heart condition.

10.     Defendant Kwong wanted to use the taser on Yolanda because she had refused to enter an ambulance that her mother had called for her earlier.

11.     In response, one of the defendants, possibly Officer Savage, in front of the other defendants, including Sergeant Kwong, grabbed Ravenell and slammed her several times against an ambulance door.

12.     Benjamin objected to the use of unreasonable force on Ravenell and tried to protect Ravenell using lawful means.

13.     In response, one of the defendants pushed Ravenell onto Benjamin.

14.     One of the defendants, possibly Savage, then twisted Ravenell's right arm and fingers and fractured her right thumb while the other defendants looked on and did nothing.

15.     One of the defendants called Benjamin a "stupid, black bitch," and several defendants tackled Benjamin to the ground, punched and kicked her, pulled her hair and pulled down her pants.

16.     Defendants handcuffed Benjamin excessively tight.

17.     When Benjamin complained about the tight cuffs, one of the defendants, in front of the others, told her "that's your fucking problem."

18.     Defendants had plaintiffs taken to the 77th Precinct,

19.     Plaintiffs asked for medical treatment in the precinct but some of the defendants told them that they would be in custody significantly longer if they went to the hospital.

3

20.     While plaintiffs were held in the precinct, Officer Savage, with the approval and knowledge of the other defendants, falsely charged plaintiffs with, among other things, obstruction of governmental administration.

21.     Plaintiffs were later taken to Brooklyn Central Booking.

22.     While plaintiffs was held in Central Booking, Officer Savage, with the approval and knowledge of the other defendants, misrepresented to the Kings County District Attorney's Office that plaintiffs had, among other things, obstructed governmental administration.

23.     Plaintiffs were arraigned in Criminal Court approximately 24 hours after their arrests.

24.     The criminal case filed against Benjamin was adjourned in contemplation of dismissal at her arraignment.

25.     The criminal case filed against Ravenell was adjourned in contemplation of dismissal and immediately sealed on November 8, 2010.

26.     Plaintiffs suffered damage as a result of defendants' actions.  Plaintiffs suffered an unlawful detention, physical injuries, pain, emotional distress, fear, anxiety, embarrassment, humiliation and damage to their reputations.

## FIRST CLAIM

### (FALSE ARREST)

27.     Plaintiffs repeat the foregoing allegations.

28.     On May 8, 2010, plaintiffs did not commit a crime or violation.

29.     Despite plaintiffs' innocence, the defendants arrested plaintiff or failed to intervene to prevent their false arrests.

4

30.     Accordingly, defendants are liable to plaintiffs under the Fourth
Amendment for false arrest.

## SECOND CLAIM

### (UNREASONABLE FORCE)

31.     Plaintiffs repeat the foregoing allegations.

32.     Defendants' physical force upon plaintiffs or failure to intervene to
prevent such force was objectively unreasonable and caused plaintiffs pain and injury.

33.     Accordingly, defendants are liable to plaintiffs under the Fourth
Amendment for using unreasonable force on them.

## THIRD CLAIM

### (VIOLATING RIGHT TO FREE SPEECH)

34.     Plaintiffs repeat the foregoing allegations.

35.     Plaintiffs exercised free speech on May 8, 2010.

36.     Plaintiffs' exercise of free speech was a motivating factor in defendants'
decisions to use force upon, arrest and prosecute plaintiffs.

37.     Accordingly, defendants are liable to plaintiffs under the First Amendment
for violating their right to free speech.

## FOURTH CLAIM

### (FABRICATION OF EVIDENCE AND DENIAL OF A FAIR TRIAL)

38.     Plaintiffs repeat the foregoing allegations.

39.     Defendants misrepresented to the Kings County District Attorney's Office
that plaintiffs had committed a crime on May 8, 2010.

40.     Defendants' misrepresentation deprived plaintiffs of liberty.

5

41.     Accordingly, defendants are liable to plaintiffs under the Sixth

Amendment for fabrication of evidence and for denying plaintiffs a fair trial.

### FIFTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

42.     Plaintiffs repeat the foregoing allegations.

43.     The City of New York is a "person" within the meaning of 42 U.S.C. §

1983.

44.     The City of New York, through a policy, practice or custom, directly

caused the constitutional violations suffered by plaintiffs.

45.     Upon information and belief, the City of New York, at all relevant times,

was aware that the defendants and other members of the NYPD are unfit officers who have

previously committed acts similar to those alleged herein, have a propensity for unconstitutional

conduct and/or have been inadequately trained.

46.     Several members of the NYPD have been arrested and convicted of crimes

for making false allegations and for corruption.

47.     Former NYPD Commissioner Bernard Kerik was convicted of corruption-

related crimes in federal and state court and served time in federal prison.

48.     In 2011, former NYPD Officer Jerry Bowen was convicted of murder and

attempted murder while under indictment for corruption.

49.     In *Colon v. City of New York*, Nos. 09 CV 8, 09 CV 9 (JBW), 2009 WL

4263362 (E.D.N.Y. November 25, 2009), the federal court stated that an "[in]formal inquiry by

the court and among the judges of this court, as well as knowledge of cases in other federal and

6

state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department."

50.     Despite the above, the City exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

51.     The City's failure to act resulted in the violation of plaintiffs' constitutional rights as described herein.

## SIXTH CLAIM

### (FALSE ARREST UNDER STATE LAW)

52.     Plaintiffs repeat the foregoing allegations.

53.     On May 8, 2010, plaintiffs did not commit a crime or violation.

54.     Despite plaintiffs' innocence, the defendants arrested plaintiffs or failed to intervene to prevent their false arrests.

55.     Accordingly, the defendants are liable to plaintiffs under New York state law for false arrest.

## SEVENTH CLAIM

### (ASSAULT)

56.     Plaintiffs repeat the foregoing allegations.

57.     Defendants' physical force upon plaintiffs placed them in fear of imminent harmful and offensive physical contacts which injured them

58.     Accordingly, defendants are liable to plaintiffs under New York state law for assault.

## EIGHTH CLAIM

### (BATTERY)

59.     Plaintiffs repeat the foregoing allegations.

60.     Defendants' physical force upon plaintiffs were offensive and nonconsensual physical contacts which injured them.

61.     Accordingly, defendants are liable to plaintiffs under New York state law for battery.

## NINTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

62.     Plaintiffs repeat the foregoing allegations.

63.     The individual defendants were acting within the scope of their employment as members of the NYPD when they committed the torts alleged herein.

64.     Accordingly, the City of New York is vicariously liable to plaintiffs under New York state law for false arrest, assault and battery.

DATED:          September 20, 2011

RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

8